UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JACK FERRANTI,                          :
                                        :
    Petitioner,                        :
                                        :
  v.                                    :   CIVIL NO. 3:16-CV-0866
                                        :
WARDEN KATHY LANE,                      :   (Judge Kosik)
                                        :
    Respondent.                        :

## **MEMORANDUM**

Petitioner Jack Ferranti filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 wherein he challenges the duration of his federal sentence that was imposed by the United States District Court for the Eastern District of New York. He is confined at the Allenwood Low Security Federal Correctional Institution ("LSCI-Allenwood") located in White Deer, Pennsylvania, and names Warden Kathy Lane as the Respondent. Petitioner claims that the sentence is unconstitutional because it extends beyond his life expectancy. He has paid the filing fee of $5.00 in this matter. For the reasons that follow, the petition will be dismissed because this court lacks jurisdiction.

**I.    Background**

Petitioner was found guilty by a jury on August 5, 1995, of arson homicide, arson conspiracy, 16 counts of mail fraud, and witness tampering. (Doc. 6, Ex. 1,

Criminal Docket in United States v. Ferranti, et al., 1:95-cr-119, Doc. 223.)  He was sentenced to 435 months of imprisonment and 5 years of supervised release on the arson homicide charge.  On the remaining counts, Petitioner received the statutory maximum sentences, each to run concurrently with the arson homicide sentence.  Petitioner was also sentenced to restitution, fines and special assessments.  (See United States v. Tocco, et al., 135 F.3d 116, 122-23 (2d Cir. 1998)).

Since his sentencing, Petitioner has challenged his conviction and sentence in the following ways.  He filed a direct appeal to the Second Circuit which affirmed the conviction and sentence on January 16, 1998.  Thereafter, he filed a motion under § 2255.  According to Petitioner, on July 13, 2005, the motion was denied procedurally and on the merits, and this was subsequently affirmed by the Second Circuit.  A motion to file a second or successive § 2255 was denied by the Second Circuit on January 26, 2010.  At some point in 2012, Petitioner states that he was denied relief with respect to a "successive 2255 appeal."

On February 12, 2010, Petitioner's motion to reduce his sentence was denied by the sentencing court.  A petition pursuant to 28 U.S.C. § 2241 filed with the United States District Court for the District of South Carolina was dismissed for lack of jurisdiction on February 6, 2014.  The District Court found that it must defer to the Bureau of Prisons ("BOP") calculation and that any sentencing recalculation must

come from the sentencing court. (Doc. 2 at 14.) A motion to file a second or successive § 2255 motion based on "newly discovered" evidence was thereafter filed by Petitioner with the Second Circuit Court of Appeals, but was denied on February 9, 2016. (Doc. 2 at 2-4; Ex. 3, Mandate.)[1] In February of 2016, Petitioner states that he also filed a petition for a rehearing, but that it was denied. All of Petitioner's efforts in challenging his sentence are set forth in his memorandum in support of his habeas petition. (Doc. 2 at 12.)

In the instant petition, Petitioner argues as follows. He claims that his sentence was imposed in violation of the Ex Post Facto clause. He argues that the sentencing court erroneously applied the BOP's good conduct time statute and sentenced him beyond his life expectancy. (Doc. 1 at 6, Pet.) He claims that § 2255 is inadequate because he is procedurally barred from filing in the sentencing court and his denial has been affirmed by the Second Circuit Court of Appeals. (Id. at 7.) He argues that no court will address the merits of his claim, arguing that said courts state there is no jurisdiction and that the sentencing court must address any sentencing error. (Id.)

## II. Discussion

"[T]he usual avenue for federal prisoners seeking to challenge the legality of

---

[1] The newly discovered evidence referred to by Petitioner was the District Judge of South Carolina's remark in his opinion that the petitioner was "facing a potential constitutional violation if his sentence is not recalculated." (Doc. 2 at 14.)

their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. Here, Petitioner is clearly challenging his sentence. Thus, his proper avenue of relief is a § 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e)(stating that the motion must be filed in "the court which sentenced him").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he

shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)).  The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy.  Reyes-Racine v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).  Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle, 290 F.3d at 539.  Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255.  Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001).  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

5

In the instant case, Petitioner's sentencing claim does not fall within the narrow exception authorized by the savings clause of § 2255 so as to permit him to raise his claim in the instant § 2241 petition.  Although Petitioner claims that § 2255 is "inadequate or ineffective" to test the legality of his detention, he does not fit into this exception when he has previously failed to obtain § 2255 relief or cannot satisfy the limitations imposed on bringing a § 2255 motion or filing a successive § 2255 motion as enacted through the AEDPA.  See Dorsainvil, 119 F.3d at 251; Cradle, 290 F.3d at 538-39.

The availability of § 2241 is very limited and reserved for the rare situation such as where a prisoner's conduct is no longer criminal to avoid a complete miscarriage of justice.  See Dorsainvil, 119 F.3d at 250.  Otherwise, the safety-valve clause of § 2255 does not apply.  Such is not the case here.  Petitioner's conduct has not been made non-criminal, and he does not argue that it has.  (Emphasis added.)  He raises a challenge to the sentence received, not to the conduct of which he was found guilty.  With respect to sentencing challenges, the Third Circuit has not found any situation wherein such a claim can be pursued in a § 2241 petition.  While Respondent notes that the Department of Justice has acknowledged a narrow category where a sentencing claim may be raised in a § 2241 petition, the instant case does not fall within this category in that Petitioner's sentence neither exceeds the statutory

maximum nor involves a situation where a greater mandatory minimum sentence is required. Additionally, in both instances the claims must also rely on intervening case law made retroactive to cases on collateral review. (See Doc. 6 at 9.) Petitioner does not raise this type of sentencing claim here, and admits this in his traverse. Instead, he attempts to rely on the "rule on lenity." (Doc. 7 at 1-2.) He claims that the savings clause does not prohibit him from challenging his sentence in the instant § 2241 petition. (Id.) The court rejects any such argument and finds that Petitioner's challenge does not fall within the savings clause of § 2255(e). The fact that Petitioner has attempted to remedy his sentence and has been unsuccessful, does not allow him to once again attempt to have his sentence recalculated. For these reasons, the instant petition must be dismissed on the basis of lack of jurisdiction. An appropriate Order follows.