UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK FERRANTI, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL NO. 3:16-CV-0866 |
| | : | |
| WARDEN KATHY LANE, | : | (Judge Kosik) |
| | : | |
| Respondent. | : | |

## **MEMORANDUM**

Petitioner Jack Ferranti filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 wherein he challenged the duration of his federal sentence that was imposed by the United States District Court for the Eastern District of New York. He is confined at the Allenwood Low Security Federal Correctional Institution ("LSCI-Allenwood") located in White Deer, Pennsylvania, and named Warden Kathy Lane as the respondent. On October 28, 2016, the court issued a Memorandum and Order dismissing the petition due to the lack of jurisdiction. (Docs. 10, 11.) Petitioner seeks reconsideration of the dismissal.[1] (Doc. 13.) For the reasons that follow, his motion will be denied.

---

[1] On the same date, November 10, 2016, Petitioner also filed a Notice of Appeal to the Third Circuit. (Doc. 14.) On November 16, 2016, the appellate court issued an order staying the appeal pending this court's disposition of the motion for reconsideration. (Doc. 16.)

**I.     Background**

Petitioner was found guilty by a jury on August 5, 1995, of arson homicide, arson conspiracy, 16 counts of mail fraud, and witness tampering. (Doc. 6, Ex. 1, Criminal Docket in <u>United States v. Ferranti, et al.</u>, 1:95-CR-119, Doc. 223.) He was sentenced to 435 months of imprisonment and 5 years of supervised release on the arson homicide charge. On the remaining counts, Petitioner received the statutory maximum sentences, each to run concurrently with the arson homicide sentence. Petitioner was also sentenced to restitution, fines and special assessments. (<u>See</u> <u>United States v. Tocco, et al.</u>, 135 F.3d 116, 122-23 (2d Cir. 1998).)

Since his sentencing, Petitioner has challenged his conviction and sentence in the following ways. He filed a direct appeal to the Second Circuit which affirmed the conviction and sentence on January 16, 1998. Thereafter, he filed a motion under § 2255. According to Petitioner, the motion was denied procedurally and on the merits on July 13, 2005, and this was subsequently affirmed by the Second Circuit. A motion to file a second or successive § 2255 was denied by the Second Circuit on January 26, 2010. At some point in 2012, Petitioner states that he was denied relief with respect to a "successive 2255 appeal."

On February 12, 2010, Petitioner's motion to reduce his sentence was denied by the sentencing court. A petition pursuant to 28 U.S.C. § 2241 filed with the

United States District Court for the District of South Carolina was dismissed for lack of jurisdiction on February 6, 2014.  The District Court found that it must defer to the Bureau of Prisons ("BOP") calculation and that any sentencing recalculation must come from the sentencing court.  (Doc. 2 at 14.)  A motion to file a second or successive § 2255 motion based on " newly discovered" evidence was thereafter filed by Petitioner with the Second Circuit Court of Appeals, but was denied on February 9, 2016.  (Doc. 2 at 2-4; Ex. 3, Mandate.)[2]  In February of 2016, Petitioner states that he also filed a petition for a rehearing, but that it was denied.  All of Petitioner's efforts in challenging his sentence are set forth in his memorandum in support of his habeas petition.  (Doc. 2 at 12.)

In the petition, Petitioner argues that his sentence was imposed in violation of the Ex Post Facto clause.  He argues that the sentencing court erroneously applied the BOP's good conduct time statute and sentenced him beyond his life expectancy. (Doc. 1 at 6, Pet.)  He claims that § 2255 is inadequate because he is procedurally barred from filing in the sentencing court and his denial has been affirmed by the Second Circuit Court of Appeals.  (Id. at 7.)  He argues that no court will address the merits of his claim, arguing that said courts state there is no jurisdiction and that the

---

[2] The newly discovered evidence referred to by Petitioner was the District Judge of South Carolina's remark in his opinion that the petitioner was "facing a potential constitutional violation if his sentence is not recalculated."  (Doc. 2 at 14.)

sentencing court must address any sentencing error.  (Id.)

On October 28, 2016, the court found that it was without jurisdiction over the petition.  (Docs. 10, 11.)  In citing the relevant law with respect to bringing a § 2241 petition to challenge a sentence, the court found that Petitioner needed to pursue relief pursuant to a motion filed under 28 U.S.C. § 2255, see In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa.  2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255).  There was no doubt that in the instant case, Petitioner was clearly challenging his sentence.

It was further found that as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972).  "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

Moreover, a defendant is permitted to pursue relief under 28 U.S.C. § 2241

4

only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). Because Petitioner had not done so, the court found that it lacked the necessary jurisdiction to rule on Petitioner's claims. The court found that Petitioner's sentencing claim did not fall within the narrow exception authorized by the savings clause of § 2255 so as to permit him to raise his claim in the instant § 2241 petition, and that the safety-valve clause of § 2255 did not apply in that Petitioner's conduct has not been made non-criminal. Moreover, with respect to sentencing challenges, the Third Circuit has not found any situation where Petitioner's claim can be pursued in a § 2241 petition. The fact that Petitioner has attempted to remedy his sentence and has been unsuccessful, does not allow him to once again attempt to have his sentence recalculated. For these reasons, the petition was dismissed on the basis of lack of jurisdiction.

## II.    Motion for Reconsideration

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa.

Feb. 15, 2011) (citation omitted),the standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court, see Hoey, 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party should have raised earlier, see United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. Hoey, 2011 WL 748152, at *2. The mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

**III.    Discussion**

Without unnecessary elaboration, Petitioner's motion will be denied for the same reasons previously set forth by the court in the Memorandum and Order issued on October 28, 2016.  Petitioner disagrees with the court's findings and wants some court, at the moment this court, to hear his claim.   While he argues that "extraordinary circumstances" exist in this case (Doc. 13 at 1), he never states that he fits into the safety-valve clause of § 2255 allowing him to bring his claim in this court via a § 2241 petition.  The court also notes that Petitioner has currently before the Second Circuit Court of Appeals, a motion to consolidate his claims in this case with the petition he has pending before the Second Circuit.  (<u>Id</u>. at 2.)  As such, his motion for reconsideration will be denied.  An appropriate order follows.